## David Harshaw and Peter Boyd, Trustees under the will of Eliza Harshaw, deceased, v. David Harshaw.

*Will—Devise—Ademption of legacy—Ground rents.*

Where a particularly described lot or piece of land is specifically devised, and afterwards the subject of said devise is sold by the testator, or taken from him by operation of law in his lifetime, the devisee takes nothing.

A devise of a particular ground rent is a specific devise and will be adeemed by the payment and extinguishment of the ground during testator's lifetime.

Testatrix devised two specifically described ground rents to her executors in trust to pay the rents to her brother. She directed as follows: "Should said ground rents or either of them be paid off at any time I order and direct my executors to invest the proceeds in legal securities, and hold the same on the same trusts as I have above set forth." Shortly after the execution of the will one of the ground rents was paid off, and testatrix invested the proceeds in a ground rent of about the same value as the one paid off. She made no change in her will. *Held*, (1) that direction to invest the proceeds of a ground rent paid off related only to a payment after the death of the testatrix; (2) that the ground rent bought with the proceeds of the extinguished ground rent did not pass to the executors in trust for the brother.

Argued Jan. 5, 1898. Appeal, No. 83, Jan. T., 1897, by

plaintiffs, from judgment of C. P. No. 4, Phila. Co., on case stated. Before STERRETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Case stated to determine the ownership of a ground rent.

The case stated was as follows:

Eliza Harshaw, of the city of Philadelphia, single woman, now deceased, was, during her lifetime, seized and possessed of two certain yearly ground rents of sixty-four dollars each, issuing out of lots contiguous, with two several brick messuages or tenements thereon erected, one situate at the southwest corner of Seventeenth and Wharton streets, in the said city of Philadelphia, . . . . and known as No. 1300 South Seventeenth street, the other situate on the west side of said Seventeenth street, sixteen feet south of Wharton street and immediately adjoining the premises first above mentioned, and known as No. 1302 South Seventeenth street.

On March 1, A. D. 1887, the said Eliza Harshaw made and executed her last will and testament, which is now registered at the office of the register of wills of the county of Philadelphia, . . . . wherein and whereby she did devise as follows:

" I give and devise unto my executors and the survivor of them my two ground rents issuing out of premises southwest corner of 17th and Wharton streets, city of Philadelphia, and also out of the premises on 17th street adjoining said corner premises, to hold as follows:

" In trust to pay the said rents as they accrue to my brother Obediah for his life and at his death to pay the said rents to the three children of my brother Samuel share and share alike until the youngest surviving of said children reaches the age of twenty-one years, at which time the principal of said rents is to be distributed equally amongst said children share and share alike, their heirs and assigns forever. Should any of said children die before reaching said age, the rent as it accrues is to be given to the survivors or survivor and the principal of said rents is to be given to the survivors or survivor reaching the said age of twenty-one years, although no division of said principal is to be made while any of said children is in minority. Should said ground rents or either of them be paid off at any time, I order my executors to invest the proceeds in legal se-

curities and hold the same on the same trusts as I have above set forth."

After sundry devises and bequests, not affecting the said ground rents, the testatrix gave the rest and residue of her estate to her nephew, David Harshaw, the defendant, in this case stated.

After the making of said will, to wit: on or about May 3, 1887, one of said ground rents, to wit, that issuing out of premises southwest corner of Seventeenth and Wharton streets was paid off and extinguished by the owner of said premises, the principal of said ground rent being one thousand and sixty-six dollars and sixty-six cents. Immediately thereupon the said Eliza Harshaw reinvested the principal of said ground rent so extinguished in another ground rent issuing out of a lot of ground with a brick messuage thereon erected, situate on the west side of said Seventeenth street, one hundred and seventy-six feet south of Wharton street, . . . . and known as No. 1322 South Seventeenth street. . . . the principal of said ground rent being one thousand dollars.

Eliza Harshaw died on or about April 11, A. D. 1889, seized and possessed of the said two ground rents issuing out of premises 1302 South Seventeenth street and 1322 South Seventeenth street, and of other real and personal property, and without having altered or changed her said will in any respect. That the estate of the said Eliza Harshaw at her death was in every respect identical with the estate of which she was possessed at the time she made and executed her said will, with the single exception of the change in the ground rents above mentioned, necessitated by the fact that the principal of one of said ground rents, namely, the ground rent at the southwest corner of Seventeenth and Wharton streets, had been paid off and extinguished, and one thousand dollars, the greater portion of the amount received by her from the same, had been reinvested in another ground rent on said Seventeenth street, known as 1322 South Seventeenth street.

David Harshaw and Peter Boyd, trustees under the last will and testament of Eliza Harshaw, deceased, brought suit against Margaret A. Harshaw, the owner of premises 1322 South Seventeenth street, to recover the sum of one hundred dollars, being two years' ground rent issuing out of said premises up to

and including the six months ground rent due May 1, 1896. Margaret A. Harshaw, thereupon presented her petition to the court in which she admitted that she had in her hands the said sum of one hundred dollars, which she was ready and willing to pay to the person or persons to whom it belonged; that it was claimed by David Harshaw, residuary legatee and devisee under the will of Eliza Harshaw, deceased, and also by the plaintiffs as trustees under the will of said Eliza Harshaw, deceased; . . . . She, therefore, prayed the court for an order upon the plaintiffs to interplead with the said David Harshaw, and that she have leave to pay the money in dispute, into court, and that the said suit against her should be discontinued and ended of record. Whereupon the court did grant the prayer of her petition, and the said Margaret A. Harshaw did thereupon pay into court the sum of eighty-five dollars, being the amount in dispute less her reasonable counsel fees of fifteen dollars allowed by said court.

Said sum of eighty-five dollars is now in the custody of said court, and the plaintiffs have agreed with the said David Harshaw, residuary legatee and devisee under the last will and testament of Eliza Harshaw, deceased, upon this case stated, for the purpose of complying with and carrying into effect the order of the court above mentioned that they should interplead with each other. The following question is, therefore, submitted for the determination of the court:

Whether the ground rent of one thousand dollars purchased by the said Eliza Harshaw on or about May 11, 1887, and issuing out of premises No. 1322 South Seventeenth street, is the property and estate of the said David Harshaw and Peter Boyd, trustees under the last will and testament of Eliza Harshaw, deceased, or is the property and estate of David Harshaw, as residuary devisee under said will.

If the court should be of opinion that the said ground rent belongs to the said David Harshaw and Peter Boyd, trustees as aforesaid, then the court is requested to enter judgment in favor of the plaintiffs. If the court shall be of opinion that the said ground rent belongs to and is the property of the said David Harshaw, residuary devisee, then the court is requested to enter judgment in favor of the defendant.

Each party reserves the right of appeal.

Judgment was entered for defendant on case stated.

*Error assigned* was entering judgment for defendant.

*Peter Boyd*, with him *George. W. Wilgus*, for appellants.— The intention of the testator is not to be gathered from the terms of a particular devise; the construction must be that which is consistent with the whole scheme of the will: Middle-swarth v. Blackmore, 74 Pa. 414; Still v. Spear, 45 Pa. 168; Reinoehl v. Shirk, 119 Pa. 108; Smith's App., 103 Pa. 559; Welch's App., 28 Pa. 363.

A bequest of certain trust funds and the securities upon which they may be invested would not be adeemed by a mere change of security: Theobald on Wills (4th ed.), 129; 2 Williams on Executors, 633.

*T. M. Daly*, for appellee.—Where a devise or bequest of a particular property or thing is made, being so described by the testator as to distinguish it from the balance of his estate, and the property or thing has been destroyed or aliened in the testator's lifetime, in such a case the devise or bequest is adeemed: Walls v. Stewart, 16 Pa. 275; Smith's App., 103 Pa. 559; Keate's Est., 16 Phila. 257; Bell's Est., 8 Pa. C. C. 454; Donaldson's Est., 11 Pa. C. C. 311; Balliet's App., 14 Pa. 451.

OPINION BY MR. CHIEF JUSTICE STERRETT, Jan. 17, 1898:

All the facts relating to this contention, as agreed upon by the parties, are set forth in the " case stated for the opinion of the court below," and need not be recited here. It is conceded that the single question for the decision of that court was, " whether the ground rent of one thousand dollars purchased by the said Eliza Harshaw on or about the eleventh day of May, 1887, and issuing out of premises No. 1322 South Seventeenth street, . . . . is the property of said David Harshaw and Peter Boyd, trustees under the last will and testament of Eliza Harshaw, deceased, or is the property and estate of David Harshaw (the defendant), as residuary devisee under said will." The court below, having reached the conclusion that said ground rent was the property of the defendant, without filing

any written opinion, entered judgment in his favor on the case stated. Hence this appeal by the plaintiffs.

By her will, executed March 1, 1887, the testatrix devised to the plaintiffs, her executors, two specifically described ground rents, one of $64.00, annually, "issuing out of premises south-west corner of 17th and Wharton streets, Philadelphia" and the other, issuing "out of the premises on 17th street, adjoining said corner premises," to be held by them, "in trust to pay the said rents, as they accrue, to my brother, Obediah Boyd for his life," etc. This trust clause contains the following provision: "Should said ground rents or either of them be paid off at any time, I order and direct my executors to invest the proceeds in legal securities, and hold the same on the same trusts as I have above set forth." Evidently this contemplates only payment of one or both of said rents after the decease of the testatrix, and cannot relate to a payment in her lifetime and investment by herself of the proceeds, which actually occurred as to the first mentioned ground rent. About two months after execution of the will, the principal ($1,066.66) of that ground rent was paid to testatrix, and the rent was extinguished. Shortly thereafter she invested $1,000 of the proceeds in the annual ground rent of $60.00, in controversy, issuing out of premises about 170 feet south of the corner lot out of which the extinguished ground rent issued.

The devise of the two particularly described ground rents was undoubtedly a specific devise as to each. One of the two subjects of that specific devise having been disposed of in the lifetime of the testatrix,—absolutely extinguished by payment to her of the principal of the ground rent, ($1,066.66), there was nothing upon which the specific devise could operate, at the time of her decease, except the remaining subject of the devise. It is hornbook law, for which neither argument nor citation of authority is needed, that where a particularly described lot or piece of land is specifically devised, and afterwards the subject of said devise is sold by the testator or taken from him by operation of law in his lifetime, the devisee takes nothing. It was accordingly held "that a devise of a particular ground rent is a specific devise, and will be adeemed by the payment and extinguishment of the ground rent during the testator's lifetime:" Donaldson's Estate, 11 Pa. C. C. 311.

It was of course competent for the testatrix in this case to have so changed her will that the ground rent in controversy would have been substituted for the extinguished ground rent, but no change or alteration whatever was made in her will. As has already been observed the provision for investment by the executors of the proceeds of extinguished ground rent, etc., relates only to extinguishment of one or both of the rents referred to after the trust became operative by her death, and not to extinguishment in her lifetime. She lived nearly two years after she had purchased the ground rent in controversy, and if she had so desired, she might have provided that it should be substituted for the one extinguished, but she did not do so; and no authority can be found in the will for any such substitution. The court was therefore right in entering judgment for the defendant.

Judgment affirmed.