## Pruner's Estate.

*Will—Legacies—Specific legacy—Ademption of legacy—Insurance policies.*

Testator, who was a creditor of a niece's husband, bequeathed to his niece certain insurance policies on the life of her husband held by testator as security for his debt, "she to pay the premiums on the same till they mature." The insured died before the testator who received the proceeds of the policies and deposited them in his bank account. He used the money received from the insurance with other money in the purchase of bonds which he placed in a safe deposit box where he kept his securities, without indicating that the bonds were not his own. *Held,* that the legacy was specific and was adeemed by the maturity and payment of the policies before the death of the testator.

In order to guard a legatee against the risk of ademption and in order that the legacy may be liable to contribution and abatement in case of a deficiency of assets, courts incline against construing legacies as specific. But this well-recognized doctrine must not be allowed to contravene the plain import of the will.

Argued April 21, 1908. Appeal, No. 132, Jan. T., 1908, by Ben. J. Hiltner, Administrator of Clara R. Moyer, deceased, a Legatee, from decree of O. C. Centre Co., No. 7,555, dismissing exceptions to auditor's report in Estate of E. J. Pruner, deceased. Before MITCHELL, C. J., FELL, BROWN, POTTER and STEWART, JJ. Affirmed.

Exceptions to report of S. D. Gettig, Esq., auditor.
The facts are stated in the opinion of the Supreme Court.

*Error assigned* was in dismissing exceptions to auditor's report.

*O. H. Hewit,* for appellant.—The character of a legacy, whether specific or demonstrative, is essentially a question of

intention : Hoke v. Herman, 21 Pa. 301; Smith's App., 103 Pa. 559; Snyder's Est., 217 Pa. 71.

It is a rule of construction, becoming more firmly fixed in our jurisprudence from year to year, that courts are averse to construing legacies to be specific, and this is so mainly because of the principle of ademption : Smith's Appeal, 103 Pa. 559; Fryer v. Morris, 9 Ves. Jr. 360; Ives v. Canby, 48 Fed. Repr. 718; Corbin v. Mills, 19 Gratt. (Va.) 438; Nooe v. Vannoy, 6 Jones's Eq. (No. Car.) 185; Coleman v. Coleman, 2 Ves. Jr. 639.

*John G. Love*, with him *P. J. Little* and *Harry Keller*, for appellee.—The legacy was specific : Walls v. Stewart, 16 Pa. 275; Blackstone v. Blackstone, 3 Watts, 335; Ludlam's Estate, 13 Pa. 188; Hoke v. Herman, 21 Pa. 301; Pleasants's Appeal, 77 Pa. 356; Smith's Appeal, 103 Pa. 559; Fidelity Company's Appeal, 108 Pa. 492.

OPINION BY MR. JUSTICE FELL, June 23, 1908 :

The question presented by this appeal arises under the following clause of the testator's will : " I also give to my niece, Clara R. Moyer, the life insurance policies which I hold on the life of A. C. Moyer, she to pay the premiums on the same till they mature." A. C. Moyer was the husband of Clara R. Moyer, and the testator held by absolute assignments two policies of insurance on his life. The testator paid the premiums for a number of years and charged them in ledger accounts headed " A. C. Moyer Life Insurance policy, New York Life " and " Mutual Life Insurance Co., N. Y. Investment in policy on A. C. Moyer's life." The insured died before the testator, who received the proceeds of the policies and deposited them in his account in the bank of which he was president. He used the money received from the insurance with other money in the purchase of bonds, which he placed in a safe deposit box where he kept his securities. The auditor found that at the time of the assignment of the policies the testator was a creditor of the insured and had an insurable interest in his life ; that there was nothing to indicate that the bonds purchased in part with the money received from the insurance companies were not the absolute property of the testator; and that the

legacy was specific and was adeemed by the maturity and payment of the policies before the death of the testator. These findings were affirmed by the orphans' court.

It is conceded that under the findings of fact, the appellant can succeed only on the ground that the legacy was not specific and adeemed by the payment of the policies. It is argued with much earnestness and ability that the words in the bequest, "she to pay the premiums on the same till they mature," disclose an intention on the part of the testator not to give his niece the insurance policies freed of any charge upon them, but to give her the proceeds of the policies less the amount of the premiums paid by him; and that the legacy was a bequest of a sum of money payable out of a particular fund and was demonstrative and not adeemed by the payment of the policies.

In order to guard a legatee against the risk of ademption and in order that the legacy may be liable to contribution and abatement in case of a deficiency of assets, courts incline against construing legacies as specific. But this well-recognized doctrine must not be allowed to contravene the plain import of the will: Notes to Ashburner v. Macguire, 2 Leading Cases in Eq. *267. The bequest of the "Life insurance policies which I hold on the life of A. C. Moyer" is clearly specific. The added words, "she to pay the premiums on the same till they mature," refers to payments that might become due after the policies passed by the will to the legatee. If they had been in force at the death of the testator, his niece would have received them free of any charge for premiums paid by him. We think the conclusion expressed by the learned judge of the orphans' court, that it was "the intention of the testator to give the policies to his niece on the condition and understanding that after his death his estate should no longer be chargeable with the maintenance of the same," is correct.

The decree is affirmed at the cost of the appellant.