## Schneck Estate

*Randall W. Snyder*, for accountant.

COYNE, P. J., September 24, 1962.—The first and final account of Lehigh Valley Trust Company, execu-

tor of the estate of Henry F. Schneck, deceased, is before this court for audit.

Henry Schneck died testate on January 21, 1961. His will dated April 18, 1958, was probated before the Register of Wills of Lehigh County on January 27, 1961. Letters testamentary were issued to the Lehigh Valley Trust Company on the last mentioned date.

Decedent was survived by neither spouse nor issue.

By the terms of his will, testator devised all of his real estate with the furnishings and equipment therein to a niece, LaRue E. Litzenberger. . . .

The account discloses a balance on hand for distribution in the amount of $58,971.70. Of this sum, $39,824.91 represents principal of personalty consisting of cash, household goods valued at $15 and the unpaid balance, $4,500, of a mortgage from Donald E. Wehr to testator. The balance in the income from personalty account consists of cash in the sum of $952.79. Finally, the balance in the principal of realty account is $18,194, consisting of unsold real estate. However, a situation has arisen with respect to the real estate which requires comment.

As previously noted, testator devised all of his real estate to LaRue E. Litzenberger. It appears, however, that on March 4, 1959, testator granted in writing to The Middle Atlantic States Conference of the Wesleyan Methodist Church of America an option to purchase 21,705 square feet of one of the tracts of real estate bequeathed to LaRue Litzenberger. At the time the within account and proposed schedule of distribution were filed, the option had not been exercised. At the time the account was called for audit, the existence of the still unexercised option was called to the court's attention and the court was requested to award the real estate to LaRue Litzenberger subject to the option. However, at audit it appeared that the attorney gen-

eral of the Commonwealth had not been notified of the filing of the account and of the audit thereof. Because of testator's bequest of $10,000 to the Lehigh Valley Trust Company in trust for church and cemetery purposes, it was felt that such notice should have been given. Consequently, the matter was continued from April 11, 1962, to May 3, 1962, to permit the giving of that notice. It then came to the attention of the court dehors the record that the optionee was about to exercise its rights under the option. Upon inquiry by the court, this fact was verified, and on May 23, 1962, the court was supplied with a copy of a letter from the optionee to the executor of testator's estate signifying the optionee's intent to purchase the land under option. This sale was thereafter consummated and a deed conveying the subject premises to the optionee recorded on August 3, 1962.

A devise of "all my real estate," as in this case, is a specific devise: Wallace's Estate, 234 Pa. 459. A specific devise of real estate is revoked on the presumption of law that testator has changed his intention when testator thereafter conveys away absolutely land previously devised (Marshall v. Marshall, 11 Pa. 430; Harshaw v. Harshaw, 184 Pa. 401); when testator thereafter enters into an agreement of sale performed by his executor after his death (McTaggart v. Thompson, 14 Pa. 149); when testator thereafter enters into an agreement of sale conditioned upon the purchaser obtaining a mortgage which sale is not consummated prior to testator's death and the agreement is later cancelled (Howe Estate, 9 Fiduc. Rep. 456, 28 Lehigh 294); and even when testator thereafter enters into an ineffectual conveyance of the subject premises: Gensimore's Estate, 246 Pa. 216. Where, as here, testator grants an option to purchase real estate as the result of which he commits himself unconditionally to convey that real estate should the optionee exercise his

power to purchase, testator has furnished a clear indication of his intention to dispose of that property and also of his intention to revoke a specific devise of those premises contained in a prior will. We, therefore, hold that where testator, subsequent to the execution of a will containing a specific devise of real estate, gives an option to purchase a portion of such real estate which option is then exercised after testator's death, there is a revocation of the specific devise to the extent of the land described in the option.

Having held that the option granted by testator has effected a pro tanto revocation of the specific bequest of real estate to LaRue Litzenberger, the proceeds of the sale of the subject premises must, therefore, fall into testator's residuary estate. . .