# In re ESTATE OF Beatrice S. BALTER.

## Appeal of Betty ABRAMS, Beneficiary.

Superior Court of Pennsylvania.

Argued June 24, 1997.

Filed Nov. 7, 1997.

9. Morton, recognizing that this issue is controlled by *Western Reserve,* attempts to argue that the dispute over reimbursement was nothing more than a contract dispute which allows a prevailing party to receive interest on an award of damages. However, this argument fails because throughout the entire process prior to the present appeal, Morton always pursued the matter as an administrative appeal from the DPW's disallowance of a reimbursement under the Medical Assistance Program. Morton also attempts to argue that the award of interest was made pursuant to Pa. R.A.P. 2744, which allows an appellate court to award delay damages at a rate of 6% if it determines the appeal was frivolous. This argument fails because the Commonwealth Court makes no reference to making the award pursuant to Rule 2744 and Morton never requested such an award in its appeal. Finally, Morton argues that DPW waived this issue since it was not raised in a timely motion for reconsideration with the Commonwealth Court. This argument also fails because no rule of appellate procedure requires a losing party to file a motion for reconsideration.

William M. Hoffman, Pittsburgh, for appellant.

Timothy F. Burke, Jr., Pittsburgh, for appellee.

Before KELLY, J., CERCONE, President Judge Emeritus, and BROSKY, J.

CERCONE, President Judge Emeritus:

This is an appeal from an *en banc* order of the Orphans' Court Division of the Court of Common Pleas of Allegheny County dismissing the exceptions appellant filed after the trial judge granted judgment on the pleadings in favor of appellee, the Estate of Beatrice S. Balter, and adjudicating as final the dismissal of appellant's claim. We affirm.

Appellant, Betty Abrams, was for many years a close friend of the decedent, Beatrice Balter. In the Formal Statement appellant

filed with the trial court, Ms. Abrams alleged that in 1993, Mrs. Balter gave her a pin made of precious stones. However, Mrs. Balter subsequently learned that her son had promised the same piece of jewelry to his daughter, Mrs. Balter's granddaughter. Mrs. Balter asked appellant to return the pin, allegedly promising to make provision in her will to leave jewelry of equal value to appellant.

Mrs. Balter's will contains the following provision:

I. "I give the sum of $15,000.00 to BETTY ABRAMS if she survives me."

Last Will and Testament of Beatrice S. Balter, Paragraph First, § I at 2. Mrs. Balter also signed a Memorandum to her will leaving a "large, multi-diamond dinner ring" to her "dear friend, Betty Abrams." *See* Trial Court Opinion dated January 28, 1997 at 1 (quoting Memorandum to the Last Will and Testament of Beatrice S. Balter, paragraph 12).[1] Unfortunately, at the time of Mrs. Balter's death, the diamond ring could not be found.

■ Appellant made a demand on the estate for the ring or its cash equivalent. The executrix denied the claim. The matter was scheduled for a hearing on September 23, 1996. The executrix filed a motion for judgment on the pleadings. After argument on the matter, the Honorable Robert A. Kelly dismissed appellant's claim and entered judgment in favor of the Estate of Beatrice Balter. Appellant filed exceptions on October 2, 1996, docketed October 3, 1996. Judge Kelly's opinion explains that exceptions were argued before, and denied by, the Orphans' Court sitting *en banc* on November 12, 1996. *See* Trial Court Opinion at 2. Judge Kelly and the parties have treated the *en banc* order denying appellant's exceptions as the final decree in this matter. Because appellant was afforded the opportunity to file exceptions prior to entry of a "final order," we shall treat the appeal as though the court below properly followed both the pertinent Orphans' Court procedural rules and the relevant Rules of Civil Procedure governing equity practice. *See Storti v. Minnesota*

1. The certified record lacks a copy of the Memo-<br/>randum referenced by the Trial Court Opinion.

*Mutual Life Insurance Co.,* 331 Pa.Super. 26, 479 A.2d 1061 (1984) (discussing Superior Court's authority to excuse the trial court's failure to comply with the precise requirements of the Rules of Civil Procedure governing equity practice if the rights of the litigants have not been impaired thereby).

On December 11, 1996, appellant lodged a timely notice of appeal. Appellant has identified three questions for our consideration:

1. Is not a donee of a gift who returns the gift to the donor during donor's lifetime and at donor's request in exchange for donor's promise to leave donee something of equal value in donor's will a creditor of donor's estate?

2. Is a bequest by a donor to a donee in performance of donor's promise an obligation of donor's estate and not subject to ademption?

3. Is not a trier of fact bound to accept the facts alleged by a claimant against an estate as true when adjudicating a Motion for Judgement on the Pleadings by the Executor of that estate?

Appellant's brief at 3.

Appellant has not addressed these questions as separate issues. Rather, she has combined her claims into a single argument. Appellant contends that her claim against Mrs. Balter's estate stems from an alleged oral contract with the decedent and is not made pursuant to the will. Therefore, according to appellant, her claim is not subject to ademption on the grounds that the diamond dinner ring cannot be located by the executrix. We cannot agree.

As the trial court has explained correctly, a contract to include a specific provision in a will is governed by section 2701 of the Probate, Estates and Fiduciaries Code ("PEF Code"):

**Establishment of contract.**—*A contract to die intestate or to make or not to invoke a will or testamentary provision or an obligation dischargeable only at or after death* can be established in support of a claim against the estate of a decedent only by:

(1) provisions of a will of the decedent stating material provisions of the contract;

(2) an express reference in a will of the decedent to a contract and extrinsic evidence proving the terms of the contract; or

(3) a writing signed by the decedent evidencing the contract.

20 Pa. Cons.Stat.Ann. § 2701(a) (West Supp. 1997) (emphasis added). The "Comment" explains the meaning of this provision in the following terms:

This section requires either that the will must set forth the material provisions of an alleged contract, or the will must make express reference to the contract and extrinsic evidence proving the terms of the contract, or there must be a separate writing signed by the decedent evidencing the contract. Oral testimony regarding the contract is permitted if the will makes reference to the contract, but this provision of the statute is not intended to affect normal rules regarding admissibility of evidence.

*Id.,* Official Comment–1992.

Judge Kelly has properly applied section 2701 to the instant case and fully explained his rationale:

[Appellant's] problem, of course, is that she can meet none of [the statutory] criteria: no provision of Decedent's Will either refers to a contract with [appellant], nor does the Will contain material provisions of such a contract (20 Pa. C.S.A. § [2]701(1)(2) and (3)); and [appellant] has produced no "writing ... evidencing the contract." 20 Pa. C.S.A. § [2]701(a)(3). In the absence of such proof, [appellant] is left with the language of the instrument itself which simply awards her $15,000 in cash and a specific bequest—the ring—which cannot be located.

Trial Court Opinion at 3.

Appellant argues that section 2701(a) is not applicable because Mrs. Balter performed her promise by leaving the dinner ring to appellant. She contends that this bequest is evidence of decedent's fulfillment of her contractual obligations under the alleged contract. We disagree. Paragraph 12 of the Memorandum to Decedent's Will is evidence not of a contract, but of Mrs. Bal-

ter's intention to make a *bequest* of a "large, multi-diamond dinner ring" to appellant.

■ We conclude that the trial court was correct in applying section 2701 of the PEF Code, and was equally correct in determining that appellant has failed to satisfy its requirements. The fact is, the will contains no explanation of the terms of the alleged contract nor any express reference to the existence of an oral contract. *See* 20 PA. CONS. STAT.ANN. § 2701(a)(1) & (2), *supra.* Furthermore, appellant has not produced any writing signed by the decedent evidencing the existence of such a contract. *See id.,* § 2701(a)(3).

Appellant also raises the question of ademption, arguing that the trial court improperly determined that the gift of the ring was extinguished. She premises this claim on the allegation that this result would be contrary to the intentions of Mrs. Balter. However, because we agree with the trial court's interpretation of the law of ademption, we cannot afford relief.

■ Under Pennsylvania law, a "specific devise" (or "specific bequest") is a "gift by will of a specific article or other property, real or personal, which is identified and distinguished from all other things of the same kind...." *In re Estate of Fox,* 494 Pa. 584, 587, 431 A.2d 1008, 1010 (1981). A specific devise may be satisfied only by delivery of the particular thing. *Id.* We agree with the trial court that a bequest of personal property explicitly identified as "my large, multi-diamond dinner ring" was clearly a "specific devise." [2]

■ The general rule is that a specific devise will be adeemed if, at the testator's death, the testator no longer possessed an interest in the property devised and no anti-ademption intention has been set forth in the will. *Id.* Our Supreme Court has summarized the law of Pennsylvania on this point:

It has long since been decided in this jurisdiction that a specific legacy or devise is extinguished if the property is not in existence or does not belong to the testator at the time of his death. *Soles' Estate,* 451

Pa. 568, 304 A.2d 97 (1973); *McFerren['s] Estate,* 365 Pa. 490, 76 A.2d 759 (1950); *Horn's Estate,* 317 Pa. 49, 175 A. 414 (1934); *Harshaw v. Harshaw,* 184 Pa. 401, 39 A. 89 (1898); *Hoke v. Herman,* 21 Pa. 301 (1853); *Blackstone v. Blackstone,* 3 Watts 335 (1834). Testator's intent is not relevant where the property devised or bequeathed in his will is not part of his estate at death. Where the legacy has been determined to be specific '[t]he legatee is entitled to the very thing bequeathed if it be possible for the executor to give it to him; but if not, he cannot have money in place of it. This results from an inflexible rule of law applied to the mere fact that the thing bequeathed does not exist, and it is not founded on any presumed intention of the testator.' *Horn's Estate,* supra, 317 Pa. at 53, 175 A. 414; *Hoke v. Herman,* supra, 21 Pa. at 305. *See also, Harshaw v. Harshaw,* supra; *Pruner's Estate,* 222 Pa. 179, 70 A. 1000 (1908). This rule is equally applicable where the specifically devised or bequeathed property is removed from testator during his lifetime by an involuntary act or by operation of law. *Harshaw v. Harshaw,* supra; *Pleasants Appeal,* 77 Pa. 356 (1875). Thus, where it is established that the bequest or devise was specific and the [item was nonexistent] in the testator's estate at the time of death, an ademption results. [*In re Estate of Nakoneczny,*] 456 Pa. [320,] 323, 319 A.2d [893], 895–96 [ (1974) ] (footnote omitted).

*In re Estate of Fox,* 494 Pa. at 587–88, 431 A.2d at 1010.

■ Nothing in the certified record indicates that Mrs. Balter intended to bequeath appellant *either* a diamond ring *or* its cash equivalent. Furthermore, appellant has not pointed to any "anti-ademption" language in Mrs. Balter's will. Because our Supreme Court has stated clearly that a legatee is not entitled to money in lieu of a specific devise, we are constrained to uphold the decision of the trial court that the diamond ring is

**2.** We note that appellant does not argue that the language in the will is the equivalent of a general

bequest, or that Mrs. Balter owned more than one such ring at the time of her demise.

adeemed and appellant is not entitled to its monetary equivalent.

Order affirmed.